# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-19-00600-CR
NO. 03-19-00601-CR

**Ronnie Allan Kneeland, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE 426TH DISTRICT COURT OF BELL COUNTY**
**NOS. 71823 & 79887, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Ronnie Allan Kneeland was indicted and pled guilty in cause number 71823 to the offense of evading arrest with a motor vehicle, and the district court placed him on deferred adjudication community supervision for six years. *See* Tex. Penal Code § 32.31. The State subsequently filed a motion to adjudicate, alleging Kneeland's violations of the terms and conditions of his community supervision, including his possession of marihuana, not more than two ounces, in a drug-free zone. The district court commenced the hearing on the motion to adjudicate, which remained pending for completion of a presentence-investigation report.

While the motion to adjudicate was pending, Kneeland was indicted in cause number 79887 for the offense of debit-card abuse. *See id*. § 38.04. After he pleaded guilty to the debit-card-abuse offense, the district court held a punishment hearing for both causes, Kneeland pleaded true to the allegations in the indictments that the State did not abandon, and the district

court found the State's allegations true. The district court adjudicated Kneeland's guilt for both offenses, sentencing him to two years' imprisonment for evading arrest with a motor vehicle and eight months in state jail for debit-card abuse. Kneeland appealed both convictions.

Kneeland's court appointed attorney has filed a motion to withdraw supported by a brief in each cause concluding that the appeals are frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Kneeland's counsel states that he has provided Kneeland with copies of the motions to withdraw and briefs, advised him of his right to examine the appellate records and to file pro se briefs, and provided him with form motions for pro se access to the appellate records along with this Court's mailing address. *See Kelly v. Smith*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). No pro se brief has been filed and no extension of time was requested.

We have reviewed the records in both causes and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826 27 (Tex. Crim. App. 2005). We agree with counsel that the appeals are frivolous. Counsel's motions to withdraw are granted. The judgments of conviction are affirmed.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   December 18, 2019

Do Not Publish